**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-02190-NYW

MARUF ZOKHID UGLI ABDURASHIDOV,

     Petitioner,

v.

GEORGE VALDEZ, in his official capacity,[1]
JUAN BALTAZAR, in his official capacity, and
DAVID VENTURELLA, in his official capacity,

     Respondents.

_____

### MEMORANDUM OPINION AND ORDER
_____

This matter is before the Court on the Emergency Verified Petition for Writ of Habeas Corpus and Incorporated Memorandum of Law ("Petition"). [Doc. 1]. Respondents have responded to the Petition, [Doc. 8], and Petitioner has filed a reply, [Doc. 10]. For the reasons set forth in this Order, the Petition is **GRANTED in part**.

### BACKGROUND

Petitioner Maruf Zokhid Ugli Abdurashidov ("Petitioner" or "Mr. Abdurashidov") is a citizen of Uzbekistan who entered the United States in 2023. [Doc. 1 at ¶ 1]. Shortly after his entry, he was detained by U.S. Immigration and Customs Enforcement ("ICE") and on January 26, 2023, he was released on his own recognizance. [*Id.* at ¶ 2]. Mr. Abdurashidov has a valid work permit and a timely-filed pending application for asylum.

---

[1] George Valdez and David Venturella are automatically substituted for Robert Hagan and Todd Lyons, respectively, as Respondents in their official capacities pursuant to Federal Rule of Civil Procedure 25(d). *See* [Doc. 8 at 1 n.1; Doc. 9].

[*Id.* at ¶ 23]. Some months ago,[2] Mr. Abdurashidov was taken into ICE custody, [*id.* at ¶¶ 4, 24], and he has been detained at the Denver Detention Facility in Aurora, Colorado since, [*id.* at ¶ 25].

Respondents purport to detain Mr. Abdurashidov under 8 U.S.C. § 1225(b). [Doc. 8 at 2]. Petitioner disputes Respondents' interpretation of § 1225(b) and contends that this provision does not apply to people like him "who, at the time of [their] apprehension, had already entered the country and were living within the United States." [Doc. 1 at ¶ 40]. He acknowledges that the Government may detain noncitizens under 8 U.S.C. § 1226(a), but that statute "expressly mandates that such an arrest be predicated on a validly issued warrant." [*Id.* at ¶ 42]. Because Respondents have not provided such a warrant—and Petitioner is not aware of one existing—Mr. Abdurashidov argues that § 1226(a) cannot justify his detention either. [*Id.* at ¶¶ 46–48]; *see also* [Doc. 10 at 2]. Thus, Mr. Abdurashidov contends that Respondents have no legal basis to justify his detention. [Doc. 1 at ¶¶ 47, 49, 58, 61].

Mr. Abdurashidov asserts three claims for relief: (1) violation of 8 U.S.C. § 1225(b)(2), [*id.* at ¶¶ 56–58], ("Claim One"); (2) violation of 8 U.S.C. § 1226(a), [*id.* at ¶¶ 59–61], ("Claim Two"); and (3) violation of his Fifth Amendment due process rights, [*id.* at ¶¶ 62–71], ("Claim Three"). He asks the Court to order Respondents to immediately release him from custody, as well as immediately return all of his seized personal property. [*Id.* at 15]. He also asks the Court to award him costs and attorneys' fees under the Equal Access to Justice Act. [*Id.*]

---

[2] The Petition alleges that Petitioner was apprehended on December 20, 2026, *see* [Doc. 1 at ¶¶ 4, 24], which the Court notes must be a typographic error. Petitioner states in his Reply that he has been detained "for months." [Doc 10 at 1, 3].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

Petitioner's claims turn on whether Respondents may detain him pursuant to § 1225(b)(2)(A), or whether they may only detain him pursuant to § 1226(a) and therefore must meet the requirements of that statute for detention to be lawful. The Court summarizes the statutory framework before turning to the Parties' arguments.

## I.      Statutory Framework

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-*

3

*Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303).  This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here.  *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)).  Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme."  *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)).  Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission."  *Jennings*, 583 U.S. at 297.  This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings.   8 U.S.C. § 1225(b)(2)(A) (emphasis added).[3]  Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

---

[3] Under 8 U.S.C. § 1225(b)(1), "certain applicants for admission who are deemed inadmissible are subject to expedited removal, unless they express a fear of persecution or an intent to apply for asylum."  *Guerrero Orellana v. Moniz*, 802 F. Supp. 3d 297, 304 (D. Mass. Oct. 3, 2025), *appeal docketed*, No. 25-2152 (1st Cir. Dec. 3, 2025); *see also* 8 U.S.C. § 1225(b)(1)(A)(i) (directing an immigration officer to "order [a person deemed inadmissible] removed from the United States without further hearing or review unless [the person] indicates either an intention to apply for asylum . . . or a fear of persecution").  Respondents do not argue that Mr. Abdurashidov is detained pursuant to § 1225(b)(1), *see* [Doc. 8], so the Court does not substantively address detention under this subsection.

The Tenth Circuit has explained that "[t]he only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Santillan Quiroz v. Mullin*, --- F. 4th ----, 2026 WL 1876709, at *7 (10th Cir. June 30, 2026). "Since § 1225(b)(2)(A) applies only to those seeking admission," the Tenth Circuit has concluded that "§ 1225(b)(2)(A)'s application is limited to the border." *Id.* at *7–8.

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

## II.    Application to Petitioner's Claims

The Court's analysis begins with the proper statutory basis for Petitioner's detention. Respondents argue that § 1225(b)(2)(A) applies and requires Petitioner's detention. *See* [Doc. 8]. However, the Tenth Circuit recently rejected Respondents' position. *See Santillan Quiroz*, 2026 WL 1876709; *see also* [Doc. 9 (Respondents' Notice of Supplemental Authority regarding *Santillan Quiroz*)]. The Tenth Circuit's analysis and holding in *Santillan Quiroz* controls this case: because Mr. Abdurashidov entered the United States in 2023 and had been residing in the United States for nearly three years when he was detained, § 1225(b)(2)(A) does not authorize Respondents' detention of him. *See Villegas-Godoy v. Baltazar*, No. 26-cv-01842-NYW, 2026 WL 1954768, at *3–4 (D. Colo. July 6, 2026). Instead, he may be detained under § 1226(a). *Id.*; *Santillan Quiroz*, 2026 WL 1876709, at *5.

However, as Mr. Abdurashidov points out, § 1226(a) authorizes arrest and detention only "[o]n a warrant issued by the Attorney General." [Doc. 1 at ¶¶ 43–45

5

(quoting 8 U.S.C. § 1226(a)(2)(A) and 8 C.F.R. § 236.1(b)].  Thus, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). . . .  As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)."  *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025); *accord, e.g.*, *J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *Ahmed M. v. Bondi*, No. 25-cv-04711-ECT-SGE, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026).  It follows, then, that "[i]f the alien [detained under § 1226(a)] has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered."  *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023); *see also Jennings*, 583 U.S. at 302 ("[Section 1226(a)] authorizes detention only '[o]n a warrant issued' by the Attorney General leading to the alien's arrest."); *Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880 (D. Colo. May 15, 2026), at *5 ("Fundamentally, Respondents may not detain first, and justify later." (collecting cases)).

This is consistent with Department of Homeland Security regulations permitting immigration officers to "arrest[] and take[] into custody" individuals suspected of violating the immigration laws *after* the officers have obtained a warrant and a Notice to Appear ("NTA").  *See* 8 C.F.R. §§ 236.1(b), 1236.1(b); *see also Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (observing that ICE officers "possess extremely broad authority" to arrest individuals subject to removal proceedings once a warrant and NTA have issued), *appeal docketed sub nom.*, *Ramirez Ovando v. Mullin*, No. 26-1027 (10th Cir. Jan. 26, 2026).

Without a warrant, however, the Government's authority to make immigration arrests is "more limited." *Ramirez Ovando*, 810 F. Supp. 3d at 1216 (quoting *Arizona v. United States*, 567 U.S. 387, 408 (2012)).  An immigration officer may make a warrantless arrest "if he has reason to believe" that a noncitizen is unlawfully present in the United States "and is likely to escape before a warrant can be obtained."  8 U.S.C. § 1357(a)(2).  Courts have interpreted the "reason to believe" language as equivalent to the constitutional probable cause standard and requiring a particularized finding of probable cause that the noncitizen is likely to escape.  *See Ramirez Ovando*, 810 F. Supp. 3d at 1216–17 (citing *Roa-Rodriguez v. United States*, 410 F.2d 1206, 1209 (10th Cir. 1969)) (further citations omitted); *Escobar Molina v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 3d 1, 30–31 (D.D.C. 2025).[4]  Once an officer makes a warrantless arrest, the Government generally must make a custody determination within 48 hours and decide "whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest . . . will be issued."  8 C.F.R. § 287.3(d).

The record before the Court demonstrates that the Government did not comply with these requirements when arresting and detaining Petitioner.  The Petition, which is verified by Petitioner's counsel, alleges that "[n]either Petitioner nor Counsel has been able to verify whether Respondents issued a Warrant of Arrest (Form I-200) at the time of the arrest by Respondents."  [Doc. 1 at ¶ 46].  Respondents do not address this issue at

---

[4] In the context of pretrial detention under the Bail Reform Act, the Tenth Circuit has observed that a defendant cannot be detained based on a risk of flight due solely to their status as a removable non-citizen.  *See United States v. Sanchez-Rivas*, 752 F. App'x 601, 604 (10th Cir. 2018) (citing *United States v. Ailon-Ailon*, 875 F.3d 1334, 1338 (10th Cir. 2017)).  This is equally applicable in this context, because otherwise, the two requirements of 8 U.S.C. § 1357(a)(2) would collapse into one.

all in their Response and do not attach any warrant, *see* [Doc. 8], even though they are the ones who "bear the burden to justify Petitioner's detention." *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024). They have therefore waived any arguments in opposition. *Quezada-Estrada*, 2026 WL 1361880, at *6 (citing *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with legal authority or argument." (quotation omitted))).

Accordingly, the Court finds that Respondents have no legal basis to detain Mr. Abdurashidov, and the Petition is respectfully **GRANTED** as to Claims One and Two. The Court will order Mr. Abdurashidov released, because "[r]elease is an appropriate habeas remedy where a petitioner's current detention lacks a 'lawful predicate.'" *Id.* (quoting *Ahmed M.*, 2026 WL 25627, at *3).[5] Having granted Petitioner his requested relief as to Counts One and Two, the Court need not reach Count Three.

### CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)    The Emergency Verified Petition for Writ of Habeas Corpus and Incorporated Memorandum of Law [Doc. 1] is **GRANTED in part** as to Counts One and Two;

(2)    Within **48 hours** of this Order, Respondents **SHALL RELEASE** Petitioner from custody;

(3)    At the time of release, Respondents **SHALL RETURN** all of Petitioner's

---

[5] Petitioner also seeks attorney's fees and costs under the Equal Access to Justice Act. [Doc. 1 at 15]; *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025). But this District's Local Rules require that those requests be made by separate motion. *See* D.C.Colo.LCivR 54.3. A fee award is thus inappropriate at this juncture.

seized personal property in Respondents' possession, including but not limited to his government-issued identification, immigration documents, driver's license, and Employment Authorization Document; and

(4)     On or before **July 30, 2026**, the Parties shall file a joint status report confirming that Petitioner was released.


DATED:  July 23, 2026                              BY THE COURT:

_____
Nina Y. Wang
United States District Judge